# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE (COG) FEREBEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-17-3253 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Renee Ferebee, a Maryland resident who has filed numerous lawsuits in this Court without the assistance of counsel, filed this lawsuit against the United States of America, seeking a declaration that "whatever[] she and her granddaughter ask for, it shall be given." Compl. 2, ECF No. 1. She alleges, without any specificity, that she has been subject to "verbal attacks, lies, and the perverted, and pedohile [sic] situations," as well as "invasion of her privacy through the Instagrams, radios, televisions, police departments, people who watch[] the Petitioner as she is in the public restrooms, where she resides every now and then, at hospitals emergency rooms, laundromat, because she is homeless . . . ." *Id.* at 3. Ms. Ferebee asserts that "her demands for these heinous crimes would be trillions of dollars," but she is willing to accept a Court order, accompanied by a "public service announcement made by televisions and radios, for the world," in which she would be "granted the world free of charge." *Id.* at 4.

Ferebee is proceeding *pro se*, and her Complaint is to be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when a plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B), courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted, and to dismiss if the allegations are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).[1] Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727-28 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to screen preliminarily a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, No.

---

[1] In this case, Ms. Ferebee has not moved to proceed in forma pauperis; nor has she paid the filing fee. I note that she has been granted in forma pauperis status in previous cases. *E.g., Ferebee v. Petty*, No. PWG-17-1503. She also has not submitted a cover sheet or proposed summons in this case.

2

13-CV-11, 2013 WL 5375781, at *1-2 (N.D. W. Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on her behalf, as she has not identified any actors or specific acts. Nor could the Court order the relief she requests, even if damages were plausibly alleged, as she is requesting injunctive relief from companies and individuals throughout the world, none of whom is a party to this action.

**ORDER**

Accordingly, it is this 10th day of October, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;
2. The Clerk SHALL PROVIDE a copy of this order to Plaintiff; and
3. The Clerk SHALL CLOSE this case.

_____
Paul W. Grimm
United States District Judge